UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MINOR CHILD – B.R. individually and by DANIELL STENFTENAGEL, his natural mother and guardian, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 3:18-cv-61 |
| CITY OF JASPER, JASPER POLICE DEPARTMENT and OFFICER JON FLECK in his Individual capacity, | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. The Plaintiff, Minor Child – B.R. ("B.R.") individually and by Daniell Stenftenagel, his natural mother and guardian, brings this action against the Defendants, City of Jasper ("City"), Jasper Police Department ("Police Department") and Officer Jon Fleck ("Officer Fleck") in his individual capacity, pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated his rights as protected by the Fourth and Fourteenth Amendments of the United States Constitution and the Defendants violated Indiana State law.

## PARTIES

2. B.R. is the minor natural child of Daniell Stenftenagel. B.R. and Daniell Stenftenagel are residents of the State of Indiana. At all relevant times to this action, they resided within the Southern District of Indiana.

3. The City of Jasper is a municipality located within the Southern District of Indiana that operates, manages, directs and controls the Jasper Police Department.

4. The Jasper Police Department is a governmental entity located within the Southern District of Indiana.

5. Officer Jon Fleck was employed with the Jasper Police Department within the Southern District of Indiana at all times relevant to this action.

6. B.R.'s State Law claims arise from the same common nucleus of operative facts as his federal law claims and all of his claims form a single case and controversy under Article III of the United States Constitution.

## JURISDICTION AND VENUE

7. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 42 U.S.C. § 1983 and 28 U.S.C. §1367.

8. Defendants, acting under color of State Law, intentionally and with reckless disregard, violated B.R.'s rights as protected by the Fourth and Fourteenth Amendments of the United States Constitution.

9. Officer Fleck is a "person" within the meaning of 42 U.S.C. § 1983.

10. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Southern District of Indiana, thus, venue is proper in this Court.

## FACTUAL ALLEGATIONS

11. On August 18, 2017, B.R., who was ten (10) years old at the time, was dropped off with his natural father, Curt Rees ("Curt"), for visitation at approximately 5:15 p.m.

12. At approximately 5:38 p.m., Curt contacted B.R.'s mother - Daniell Stenftenagel ("Daniell") and her husband Rick Stenftenagel ("Rick") – and told them to meet him because he was having problems with B.R. Daniell and Rick arrived shortly thereafter at the location – 1863 Highland St., Jasper, Indiana. Officer Jon Fleck ("Officer Fleck") was already on the scene.

13. Rick approached Officer Fleck who told him that B.R. was going to be arrested and charged with criminal mischief and battery. Rick asked Officer Fleck not to charge B.R. and if they could call their lawyers and B.R.'s counselor – Mae Chinn Songer, LMHC ("Songer"). Officer Fleck responded that lawyers were not going to help.

14. Daniell was able to get Songer on the phone and Songer spoke with Officer Fleck informing him of B.R.s' emotional and mental situation, she was his counselor and the potential damage that would be inflicted if he was arrested.

15. Officer Fleck told Songer that he was going to handcuff B.R., take him to the Station, isolate him for a while and then charge him with criminal mischief, assault and battery. Songer pleaded with him not to do so and warned him that

such action would have an enormously damaging impact on B.R.'s mental health condition.

16. Songer went on to explain B.R.'s mental health condition and that he was being treated with counseling and medication. Officer Fleck noted Songer's concern, but informed Songer he was handcuffing B.R. and taking him to the Station. He said he would take Songer's pleas into consideration regarding whether or not to press charges.

17. After that conversation, Officer Fleck told Rick that Songer talked him out of pressing charges, but he was going to handcuff B.R. and take him to the Station because B.R. "needed to be taught a lesson."

18. Officer Fleck in fact handcuffed B.R.'s hands behind his back, put him in his patrol car, took him to the Station and placed him in a locked room – still handcuffed and left B.R. unattended.

19. According to Officer Fleck's Incident Report – B.R. was taken "enroute to Station" at 6:01 p.m. and was not released from custody until 7:22 p.m.

## COUNT I: VIOLATIONS OF FOURTH AND FOURTEENTH AMENDMENTS

20. B.R. hereby incorporates paragraphs one (1) through nineteen (19) of his Complaint.

21. Defendants violated B.R.'s rights as protected by the Fourth and Fourteenth Amendments of the United States Constitution by subjecting B.R. to an

unreasonable search and seizure of his person, by using unreasonable and/or excessive force and falsely arresting and/or wrongfully detaining B.R.

22. Defendants actions were reckless, intentional, malicious and in bad faith.

23. As a direct result of Defendants' actions, B.R. suffered and continues to suffer serious mental anguish, emotional anguish, and both psychological and emotional distress.

## COUNT II: VIOLATONS OF INDIANA STATE LAW

24. B.R. hereby incorporates paragraphs one (1) through twenty-three (23) of his Complaint.

25. Officer Fleck subjected B.R. to unreasonable search and seizure, excessive force, wrongfully arrested and unlawfully detained and committed assault and battery against B.R. in violation of Indiana State Law.

26. The wrongful conduct of Officer Fleck was the direct and proximate cause of the injuries sustained by B.R. As a direct result of Defendants' actions, B.R. suffered and continues to suffer serious mental anguish, emotional anguish, and both psychological and emotional distress.

27. Officer Fleck is liable to B.R. for his wrongful conduct within the scope of his employment and when working in furtherance of the City of Jasper and the Jasper Police Department at the time of the conduct.

28. The individual acts of Officer Fleck are deemed to be acts of the employer under the principle of *respondeat superior*.

29. Officer Fleck, the City of Jasper and the Jasper Police Department are joint and severally liable for the injuries inflicted on B.R.

### COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. B.R. hereby incorporates paragraphs one (1) through twenty-nine (29) of his Complaint.

31. The actions taken by Officer Fleck were done with malicious intent to cause severe mental and emotional distress to B.R.

32. As a result of the actions taken by Officer Fleck, B.R. has suffered and continues to suffer severe mental anguish and emotional distress.

33. Officer Fleck is liable to B.R. for his outrageous and wrongful conduct within the scope of his employment and when working in furtherance of the City of Jasper and the Jasper Police Department at the time of the conduct.

34. The individual acts of Officer Fleck are deemed to be acts of the employer under the principle of *respondeat superior*.

35. Officer Fleck, the City of Jasper and the Jasper Police Department are joint and severally liable for the injuries inflicted on B.R.

### COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

36. B.R. hereby incorporates paragraphs one (1) through thirty-five (35) of his Complaint.

37      The actions taken by Officer Fleck, were done negligently and with reckless disregard for B.R.

38      As a result of the actions taken by Officer Fleck, B.R. has suffered and continues to suffer severe mental anguish and emotional distress.

39.     Officer Fleck is liable to B.R. for his outrageous and wrongful conduct within the scope of his employment and when working in furtherance of the City of Jasper and the Jasper Police Department at the time of the conduct.

40.     The individual acts of Officer Fleck are deemed to be acts of the employer under the principle of *respondeat superior*.

41.     Officer Fleck, the City of Jasper and the Jasper Police Department are joint and severally liable for the injuries inflicted on B.R.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, B.R. individually and by Daniell Stenftenagel, his natural mother and guardian, by counsel, respectfully requests that this Court find for Plaintiff and order that the Defendants:

1. Pay to Plaintiff compensatory and punitive damages;

2. Award actual damages to Plaintiff to adequately compensate him for his injuries;

3. To declare the conduct and practices of the Defendants unlawful and to enjoin them from similar conduct;

4. Pay to Plaintiff consequential damages;

5. Pay to Plaintiff pre- and post-judgement interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7. Pay to Plaintiff any and all other legal and/or equitable damages this Court sees fit to grant.

Respectfully submitted,

 s/Kyle F. Biesecker
Kyle F. Biesecker, Attorney No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:   (812) 424-1001
Facsimile:   (812) 424-1005
E-Mail:      kfb@bdlegal.com

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff, B.R. individually and by Daniell Stenftenagel, his natural mother and guardian, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

 s/Kyle F. Biesecker
Kyle F. Biesecker, Attorney No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:   (812) 424-1001
Facsimile:   (812) 424-1005
E-Mail:      kfb@bdlegal.com

Attorneys for Plaintiff